IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

ANTHONY BOYCE,  )
)
        Plaintiff,  )
)
v.  )   Case No. 12 C 3840
)
SALVADOR A. GODINEZ, et al.  )
)
        Defendants.  )

MEMORANDUM ORDER

Anthony Boyce ("Boyce") has filed a detailed 42 U.S.C. § 1983 ("Section 1983") Complaint against no fewer than 24 defendants, with all of his grievances revolving around his having been prescribed, and having been compelled to take, two drugs – Remeron and Trazodone – despite his continuing objections that those medications have caused him blurred vision and eye pain, migraine headaches, dizziness upon standing, short term memory loss and trouble swallowing. Boyce's allegations, which must be accepted as true for purposes of determining his entitlement to proceed in this federal court, portray an appallingly callous disregard of his complaints – allegations that plainly suffice to state a claim of cruel and unusual punishment under the standards established by Estelle v. Gamble, 429 U.S. 97 (1976) and that clearly possess the level of plausibility demanded by the Twombly-Iqbal canon.[1]

With that aspect of the preconditions to in forma pauperis treatment of a prisoner plaintiff resolved, this opinion turns to the financial component of such a request. In that respect the printout of transactions in Boyce's trust fund account at Stateville Correctional Center ("Stateville," where he is in custody) reflects that the average monthly deposits into that account during the six

---

[1] This Court of course makes no ultimate factual findings as to the merits of Boyce's claims, but they are certainly not of the fanciful type that sometimes leads to a threshold rejection of a pro se prisoner's attempted lawsuit. Relatedly, nothing said here bears on the viability of Boyce's claims against any particular defendant or defendants.

month period that it covers (see 28 U.S.C. § 1915(a)(2)) amount to $40.04, so that the required initial partial filing fee of 20% of that amount (see 28 U.S.C. 1915(b)(1)) comes to $8. Accordingly Boyce is assessed that initial fee of $8, and the Stateville trust fund officer is ordered to collect that amount from Boyce's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where Boyce may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Boyce's name and the 12 C 3840 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

Because Boyce's In Forma Pauperis Application coupled with his Motion for Appointment of Counsel entitle him to the latter relief as well, this Court has obtained the name of the following member of this District Court's trial bar, who is appointed to represent Boyce pro bono publico:

>Timothy Kevin Travers
>Tenney & Bentley
>111 West Washington Street - Suite 1900
>Chicago, IL 60602
>(312) 407-7800
>Email: tktravers@hotmail.com

Appointed counsel is ordered to proceed expeditiously with Boyce's representation. Finally, this Court is contemporaneously issuing its customary initial scheduling order.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date:  June 12, 2012