Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3840 | **DATE** | 4/26/2013 |
| **CASE TITLE** | Anthony Boyce (#R-52162) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motions to notify the court [#21], to respond to counsel's motion to withdraw [#25], and for attorney assistance [#29] are denied as moot. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days from the date of this order to submit an amended complaint (plus a judge's copy and service copies) limited to a single claim and naming as defendants those individuals responsible for his forced medication. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Status hearing stricken.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by compelling him to take psychotropic medications against his will.

The plaintiff's motion "to notify the honorable courts plaintiff's attorney is motivated to thwart plaintiff's case," as well as his motion to respond to counsel's motion to withdraw, are denied as moot. On February 14, 2013, the court granted appointed counsel's motion to withdraw.

The plaintiff's motion for attorney assistance is likewise denied as moot; on February 22, 2013, the court denied the plaintiff's motion to appoint new counsel.

A review of the file reveals that the defendants were never served; in fact, the complaint contains misjoined claims and extraneous defendants, while others referenced as "defendants" in the complaint do not appear in the parties section. Accordingly, the plaintiff must submit an amended complaint.

First, in the context of this case, the plaintiff may proceed only on his claim that prison employees medicated him against his will. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007):
**(CONTINUED)**

mjm

The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). *George*, 507 F.3d at 607. The plaintiff must file a separate lawsuit (or lawsuits) if he wishes to bring product liability claims against drug manufacturers.

In addition, the caption and parties section of the amended complaint must list all intended defendants. The body of the complaint on file refers to multiple people as "defendants" who are not listed as defendants in the caption and who therefore do not appear as parties on the court's docket. The plaintiff must make clear who the defendants are.

On the other hand, the complaint lists multiple individuals who lacked any personal and direct involvement in forcing the plaintiff to take psychotropic medications over his objections. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prisoner does himself "no favors" by filing a complaint naming numerous defendants with no conceivable relation to his medical care. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Freedom of Information Act officers, health commissioners, purchasing managers, federal bureaucrats, and others not responsible for medicating the plaintiff are not proper parties to this suit.

Furthermore, supervisory and administrative officials are generally shielded from liability where, as here, a plaintiff is receiving ongoing care from health care professionals. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Even though the plaintiff was unhappy with his forced medication, that decision was made by medical professionals. The warden, grievance officers, and Wexford Health Sources and its executives were entitled to rely on Stateville's health care staff.

The plaintiff is granted thirty days from the date of this order to submit an amended complaint on the court's required form. The amended complaint must be limited to the plaintiff's claim that he was forced to take
**(CONTINUED)**

| STATEMENT (continued) |
|---|

psychotropic medications against his will, and must clearly identify those defendants (and only those defendants) who were personally and directly involved in compelling him to take the medications in question.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.

Finally, the plaintiff is advised that letters to the judge are not permitted. Any requests for court action must be made by motion (such as "motion to reconsider appointment of counsel") and filed with the Clerk of Court in care of the Prisoner Correspondent.