Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3840 | **DATE** | 6/3/2013 |
| **CASE TITLE** | Anthony Boyce (#R-52162) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, the plaintiff's excessive force claim against defendant Nash is dismissed pursuant to Fed. R. Civ. P. 18(a). Dismissal is without prejudice to pursuing that claim in a separate lawsuit. The clerk is directed to: (1) file the amended complaint [#38]; (2) terminate all defendants currently listed on the court's docket pursuant to the amended complaint and Fed. R. Civ. P. 15; (3) add Jonathan Kelly, Nurse Smith, and Doctor Kartan as defendants; (4) issue summonses for service on those three defendants by the U.S. Marshal; and (5) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion to alter or amend judgment [#37] is denied. The plaintiff's renewed motion for attorney assistance [#39] is likewise denied.

■ [**For further details see text below.**]    **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by compelling him to take psychotropic medications against his will.

The plaintiff's motion to alter or amend judgment is denied. By Minute Order of April 26, 2013, the court directed the plaintiff to submit an amended complaint limited to a single claim and naming as defendants those individuals who were personally and directly responsible for his forced medication. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a). No final judgment has been entered. For the reasons set forth in its prior order, the court remains satisfied that the other claims belong in separate lawsuits.

The plaintiff has submitted an amended complaint, as directed. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the amended complaint articulates a colorable federal cause of action. The treatment of a prisoner against his will implicates substantive due process concerns. *See, e.g., Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *see also Russell v. Richards*, 384 F.3d 444, 450 (7th Cir. 2004). The court
**(CONTINUED)**

mjm

**STATEMENT (continued)**

is particularly concerned that the defendants allegedly ignored the plaintiff's that the forced medication caused such side effects as nausea, blurred vision, migraines, and memory loss. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain and other symptoms. *See, e.g., Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Defendants Kelly, Smith, and Kartan must respond to the plaintiff's allegations.

However, the plaintiff's claim that defendant Nash acted unprofessionally and intentionally handcuffed his wrists too tightly is dismissed without prejudice pursuant to Fed. R. Civ. P. 18(a). As the court previously advised the plaintiff, "[u]nrelated claims against different defendants belong in different suits...." *George*, 507 F.3d at 607. The plaintiff must file a separate lawsuit if he wishes to sue Sergeant Nash for using excessive force against him.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve defendants Kelly, Smith, and Kartan. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If any defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's renewed motion for attorney assistance is denied. *See* Minute Orders of February 22, 2013, and April 26, 2013. In view of the plaintiff's conflicts with prior *pro bono* counsel, he must proceed without the benefit of court-recruited attorney representation.